UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHEDINA VEALE, an individual

    Plaintiff,

v.                                          Case No: 2:13-cv-77-FtM-38UAM

FLORIDA DEPARTMENT OF
HEALTH,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant's Motion to Dismiss the Amended Complaint (Doc. #26) filed on June 19, 2013. Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint (Doc. #27) was filed on June 26, 2013. Thus, the Motion is now ripe for review.

## BACKGROUND

Plaintiff, Shedina Veale, filed a four-count Amended Complaint (Doc. #23) on June 5, 2013, alleging: (1) unlawful gender discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) unlawful gender discrimination in violation of the Florida Civil Rights Act ("FCRA"); (3) unlawful disability discrimination in violation of the FCRA; and (4) violation of Title VII, as amended by the Pregnancy Discrimination Act of 1978

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

("PDA"). Specifically, Plaintiff alleges the following in her Amended Complaint: Veale became employed at the Florida Department of Health in the Women, Infant, and Children Program ("WIC") on or about December 10, 2010. In late June 2011, Plaintiff advised her supervisor at WIC that she was pregnant and was expected to give birth in February 2012. Plaintiff alleges that immediately upon advising of her pregnancy, her WIC supervisor, who was male, reacted negatively and began quizzing her as to her ability to continue her job duties. Veale allegedly advised her supervisor that there was no known issue with her being able to continue her employment with WIC due to her pregnancy. Veale states that she advised WIC of her pregnancy in as timely a manner as possible and kept WIC apprised of any medical appointments she was required to attend. However, shortly after informing WIC of her pregnancy, Veale was informed by her physicians that there were complications with her pregnancy, specifically placenta previa. Her pregnancy was classified as high risk and it substantially limited her ability to perform major life activities, such as physical movement. She alleges that WIC began a "systematic" pattern of requesting protected medical information from her beyond what was permissible under the FCRA or PDA. Subsequent to Plaintiff developing her disability related to her pregnancy, WIC allegedly began to discipline Veale for her absences to attend medical appointments.

On or about October 18, 2011, while pregnant and disabled from her pregnancy, Veale was terminated by WIC. WIC's stated reasons for terminating Veale was for "attendance" and alleged failures to properly adhere to call-in procedures. Plaintiff alleges that the stated reason is untrue. She states that prior to giving her WIC supervisor notice of her pregnancy, Veale always received very good performance

2

reviews and had received only one instance of discipline, some months prior to her termination.  Veale alleges that other employees of WIC, who were similarly situated but not within Veale's protected class (gender, disability, pregnancy), received more favorable treatment than Veale and were not subject to similar discipline.  In fact, none of the many other employees similarly situated but outside Veale's protected classes received any discipline whatsoever.

Plaintiff maintains that WIC refused to grant Veale reasonable accommodations in the form of brief time off to attend medical appointments that were crucial for her life and the life of her fetus.  Plaintiff believes that WIC intentionally and systematically discriminated against her by using her gender, disability, and pregnancy as a substantial or motivating factor in WIC's decision not to continue Veale's employment and terminating her.  Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim as required by Fed. R. Civ. P. 8.

## DISCUSSION

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Swierkiewicz v. Sorema N.A., 534 U.S.  506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).  Although the pleading standard announced in Fed. R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ---- U.S.----, 129

S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F.3d at 1268 (citing Iqbal, 129 S. Ct. at 1950).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Bedasee v Fremont Investment & Loan, 2010 WL 98996 * 1 (M.D. Fla. Jan. 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)); Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Insurance Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Twombly, 550 U.S. at 555-56). The former rule-that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004), has been retired by Twombly. James River Insurance Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations

4

of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee, 2010 WL 98996 at * 1 (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

In ruling on a Rule 12(b)(6) motion, the court focuses principally on the complaint, but may also consider documents attached to a pleading. See Fed. R. Civ. P. 10(c). The Court has considered the Complaint, to which one exhibit was attached. Thus, the Court may properly consider Exhibit 1 to the Complaint. Fed. R. Civ. P. 10(c).

Title VII and the FCRA prohibit certain employers from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e–2(a)(1); Fla. Stat. § 760.10(1)(a). The phrase "because of sex" or "on the basis of sex" in Title VII includes "because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k).

First, Defendant argues that the Amended Complaint should be dismissed because Plaintiff has failed to satisfy the fourth element of the *prima facie* test for discrimination under Title VII and the FCRA and identify a similarly situated employee. To establish a *prima facie* case for discrimination under Title VII and the FCRA, a plaintiff must prove: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly situated individual outside his protected class. Manniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999); Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) ("The Florida courts have held that decisions

5

construing Title VII are applicable when considering claims under the Florida [ ] Act, because the Florida [A]ct was patterned after Title VII.").[2]  Similarly, with regard to pregnancy discrimination, the Eleventh Circuit has noted that "[a] plaintiff may establish a *prima facie* case of pregnancy discrimination by showing that: (1) she is a member of a group protected by Title VII; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) she 'suffered from a differential application of work or disciplinary rules.'"  Hubbard v. Meritage Homes of Florida, Inc., 2013 WL 2359065, at *3 (11th Cir. May 30, 2013) (citing Spivey v. Beverly Enters., Inc., 196 F.3d 1309, 1312 (11th Cir. 1999)).  "Generally, when the plaintiff alleges discriminatory discipline, the plaintiff must show that the employer treated similarly situated employees not of the protected class more favorably."  Id. (citing Manniccia, 171 F.3d at 1368.  "To make this showing, the plaintiff and her comparators must have engaged in the same or nearly identical misconduct. However, a plaintiff alleging pregnancy discrimination 'need not identify specific non-pregnant individuals treated differently from her, if the employer violated its own policy in terminating her.'"  Id. (citing Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 n.2 (11th Cir. 2006); Armindo v. Padlocker, Inc., 209 F.3d 1319, 1321 (11th Cir. 2000)).

Under the McDonnell Douglas framework, once the plaintiff has established a *prima facie* case, which creates a presumption of unlawful discrimination against the employee, the employer may then rebut that presumption with legitimate, non-discriminatory reasons for the adverse employment actions.  The employee must then

---

[2] The FCRA is modeled after Title VII, Joshua v. City of Gainesville, 768 So.2d 432, 435 (Fla. 2000), and decisions construing Title VII are applicable to claims under the FCRA. Jiles v. United Parcel Serv., Inc., 360 F. App'x 61, 63 (11th Cir. 2010) (citing Harper, 139 F.3d at 1387). Therefore, the analysis of the FCRA claims is identical.

proffer sufficient evidence to create a genuine issue of material fact that defendant's articulated reasons are pretextual. Crawford v. Carroll, 529 F.3d 961, 976 (11th Cir. 2008); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). The Eleventh Circuit has noted that a plaintiff need not satisfy the McDonnell Douglas framework at the pleading stage in order to state a claim. See Uppal v. Hospital Corp. of America, 482 F. App'x 394, 396 (11th Cir. 2012). "Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas *prima facie* case, it must provide enough factual matter (taken as true) to suggest intentional race discrimination." See also Scribner v. Collier County, 2012 WL 1058149, at *3 (M.D. Fla. Mar. 28, 2012) (citing Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) (noting that at the pleading stage "a Title VII complaint need not allege facts sufficient to make out a class McDonnell Douglas *prima facie* case")).

In cases similar to this in this District judges have dismissed discrimination claims when the allegations relating to similarly situated employees are insufficiently pled. For example, in Uppal v. Hospital Corp. of America, 8:09–cv–00634–VMC–TBM, 2011 WL 2691869 (M.D. Fla. July 5, 2011), the District Court noted that the plaintiff's complaint stated in a conclusory fashion that other similarly situated employees not of plaintiff's gender, race, and/or national origin were not treated in the same way as plaintiff. Id. at *3. The Court found that plaintiff did not allege any facts to support these conclusory allegations in violation of Iqbal. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court went on to note that "[d]istrict courts frequently dismiss discrimination

7

claims when the allegations of disparate treatment are nothing more than legal conclusions unsupported by any facts." Uppal, 2011 WL 2691869, at *3 (citing a number of cases for this proposition). Uppal was appealed to the Eleventh Circuit. On appeal, the circuit court affirmed, stating with regard to the similarly situated issue:

> Here, Dr. Uppal has stated multiple claims for employment discrimination based solely on the repeated allegation that "[o]ther similarly situated employees outside Plaintiff's protected classes" engaged in similar misconduct, but were not disciplined. Indeed, this allegation recites a crucial element of a *prima facie* Title VII case where the alleged discrimination is based solely on an employer's disparate treatment of employee misconduct. See, e.g., Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006). However, Dr. Uppal never once supplements these allegations of disparate treatment with any factual detail, such as even a brief description of how the alleged comparator employees were outside of her protected class. This being the case, Dr. Uppal has alleged no facts to support that gender, race or national origin played any role in the disparate treatment. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action ... do not suffice."). Therefore, the district court did not err in dismissing Dr. Uppal's employment discrimination claim.

Uppal, 482 F. App'x at 396.

In this case, Defendant argues that there are insufficient facts alleged regarding similarly situated employees to show gender discrimination under Title VII. In her response brief, Plaintiff points to Paragraph 25 of her Amended Complaint which states:

> Other employees of WIC, who were similarly situated but not within Veale's protected classes (gender, disability, pregnancy), received more favorable treatment than Veale and were not subject to similar discipline. In fact, none of the many other employees similarly situated but outside of Veale's protected classes, and there were several even within Veale's work location, received any discipline whatsoever.  (Doc. #23, ¶25) (General Allegations).

Other relevant portions of the Amended Complaint state:

> Other similarly situated male employees of WIC were not subjected to such disparate treatment for requiring future care for gender specific medical conditions. Id. at ¶42 (Count I).

> Other similarly situated male employees of WIC were not subjected to such disparate treatment for requiring future care for gender specific medical conditions. Id. at ¶42 (Count II).
>
> WIC intentionally discriminated against Veale because she was pregnant with regard to the terms and conditions of her employment by denying her help or an accommodation for her medical appointments, whereas other similar situated non-pregnant employees were given brief leave to accommodate their physical incapacity. Id. at ¶83 (Count IV).

Plaintiff also argues that at the pleading stage she is not required to prove a *prima facie* case satisfy the McDonnell Douglas framework. While this may be true, Plaintiff is still required to properly plead a cause of action pursuant to Twombly and Iqbal. Which, as courts have noted, require more than just a recitation of the fourth prong of a Title VII prima facie case, which is what Plaintiff has done in this case. She has simply stated that there were other employees that were similarly situated, outside her protected class, who received more favorable treatment. (Doc. #23, ¶25). Such a recitation, without any allegations of specific facts to explain how the disparate treatment occurred to even give rise to an inference of discrimination, is insufficient.[3] Thus, Defendant's Motion to Dismiss in this regard will be granted and Plaintiff will be given leave to amend, as requested by the Plaintiff in her opposition brief. (Doc. #27, p. 9-10).

---

[3] Defendant argues that because Plaintiff has failed to identify any *specific* employees in her Amended Complaint that engaged in nearly identical activities as Veale but were outside of her protected class, the Complaint should be dismissed. It does not appear that Plaintiff is required to name specific employees at the pleading stage. "Even if a plaintiff cannot point to a similarly situated comparator employee who was treated more favorably, however, she may in some cases create a 'triable issue concerning the employer's discriminatory intent' by showing a 'convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker.'" Turner v. Florida Prepaid College Bd., 2013 WL 3328748, at *2 (11th Cir. July 2, 2013) (citing Smith v. Lockheed–Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011)). See also Hubbard, 2013 WL 2359065, at *4 ("[A] plaintiff alleging pregnancy discrimination 'need not identify specific non-pregnant individuals treated differently from her, if the employer violated its own policy in terminating her.'" (citing Armindo v. Padlocker, Inc., 209 F.3d 1319, 1321 (11th Cir. 2000)

Next, Defendant argues that Count III of Plaintiff's Amended Complaint should be dismissed. This Count alleges disability discrimination in violation of the FCRA. Plaintiff alleges a disability as a result of her pregnancy that substantially limited one or more major life activities. (Doc. #23, ¶63). Defendant argues that the FCRA does not recognize a claim for pregnancy discrimination. While this issue has never definitively been decided by the Eleventh Circuit, as recently as May 2013, the Eleventh Circuit has addressed this issue, stating:

> It is an open question whether the FCRA, like Title VII, recognizes claims of pregnancy discrimination. See DuChateau v. Camp, Dresser & McKee, Inc., 713 F.3d 1298, 1302 (11th Cir. 2013). Assuming, however, that the FCRA provides for a pregnancy discrimination claim, "it would be construed in the same manner as a cause of action for pregnancy discrimination under Title VII." See id. Thus, the district court's grant of summary judgment as to any FCRA pregnancy discrimination claim was proper for the reasons discussed above with respect to Hubbard's Title VII pregnancy discrimination claim.

Hubbard v. Meritage Homes of Florida, Inc., 2013 WL 2359065, at *3 n.3 (11th Cir. May 30, 2013). Similarly, in April 2013, the Eleventh Circuit discussed the issue and stated:

> DuChateau argues that the Florida Act provides a cause of action for pregnancy discrimination, but we need not decide that issue because the jury verdict against her claim of retaliation directly estops her claim of pregnancy discrimination.
>
> * * *
>
> Even if there were a cause of action for pregnancy discrimination under the Florida Act, it would be construed in the same manner as a cause of action for pregnancy discrimination under Title VII of the Civil Rights Act of 1964. See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) ("The Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida [ ] Act, because the Florida [A]ct was patterned after Title VII."). We have held that, to establish a *prima facie* claim of pregnancy discrimination under Title VII, a plaintiff must establish that "(1) she is a member of a protected group; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) employment or disciplinary policies were differently applied to her." Chapter 7 Tr. v. Gate Gourmet, Inc., 683 F.3d 1249, 1255 (11th Cir. 2012).

DuChateau v. Camp, Dresser & McKee, Inc., 713 F.3d 1298, 1302-03 (11th Cir. 2013). The Florida Supreme Court has yet to decide the issue. This District Court has subsequently examined the issue and discussed it thoroughly in Glass v. Captain Katanna's, Inc., No. 6:13-cv-421-Orl-19GJK, 2013 WL 3017010, *1-8 (M.D. Fla. June 17, 2013). This decision noted that there was a split in authority in the Florida District Courts of Appeals on the issue of whether pregnancy discrimination claims are recognizable under the FCRA. Id. at *1. The court in Glass went through each of the District Courts of Appeals decisions on the issue and concluded that "[a]s noted *supra*, Florida's District Courts of Appeal are in disagreement concerning the issue at hand, and no overwhelming authority can be discerned among the few Florida District Court decisions on point." Id. at *5. "Under such circumstances, this Court must predict how the Florida Supreme Court would resolve the disagreement." Id. (citing Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S. Ct. 347, 85 L. Ed. 327 (1941)). The court went on to conduct a statutory and legislative history analysis of the FCRA with regard to unlawful employment practices and concluded that the Florida Supreme Court would agree that discrimination based on pregnancy is an "unlawful employment practice" under the FCRA.

  This Court agrees with the conclusion reached by the Glass court that the Florida Supreme Court would agree that discrimination based on pregnancy is an "unlawful employment practice" under the FCRA. Thus, Plaintiff has stated a viable claim under Count III, but the Court notes that Plaintiff has failed to properly plead such a cause of action as she has failed to allege that employment or disciplinary policies were differently applied to her because of her disability under this Count, as stated by the

Eleventh Circuit. DuChateau , 713 F.3d at 1302-03; Hubbard, 2013 WL 2359065, at *3. Plaintiff will be allowed to amend.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss the Amended Complaint (Doc. #26) is **GRANTED.** Plaintiff's Amended Complaint (Doc. #23) is **DISMISSED without prejudice**. Plaintiff shall have up to and including **August 16, 2013**, to file a second amended complaint in accordance with this Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of July, 2013.


Copies: All Parties of Record